UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TREVOR LUCAS,　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　:　**OPINION AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　:
FEDERAL BUREAU OF PRISONS and　　　　　　:　17 CV 1184 (VB)
KETTISHA MANSON-WALKER,　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　　:
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Trevor Lucas, a former inmate at Federal Correctional Institution Otisville ("Otisville"), currently housed at Federal Correctional Institution Fort Dix, brings this action pro se and in forma pauperis under the Administrative Procedure Act, 5 U.S.C. § 551 et seq. (the "APA"), for the allegedly arbitrary and capricious revocation of plaintiff's email access.[1]

Before the Court is defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).[2] (Doc. #18). For the following reasons, the motion is GRANTED.

## BACKGROUND

For the purpose of deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

---

[1] Plaintiff also brought claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics. 403 U.S. 388 (1971). However, in his opposition to the motion to dismiss, plaintiff concedes he "will not oppose dismissal of his constitutional claims brought pursuant to Bivens. . . . The only issue requiring resolution is whether the Court has subject matter jurisdiction to consider Lucas'[s] claim under the APA." (Opp. at 2). Accordingly, the Bivens claims are dismissed and the Court addresses only the APA claim.

[2] Defendants also moved to dismiss under Rule 12(b)(6) for failure to state a claim. However, because only the APA claim remains, the Court need only address defendants' Rule 12(b)(1) motion regarding the Court's subject matter jurisdiction over such a claim.

1

From 2011 to approximately April 24, 2018, plaintiff was an inmate at Otisville, a federal correctional facility run by defendant Federal Bureau of Prisons ("BOP"). Inmates confined in the BOP system typically are allowed limited email access through the "TRULINCS" system, unless BOP has reason to restrict such access. (Compl. at 3).[3]

Plaintiff had TRULINCS access at Otisville from the time of his arrival through July 18, 2016. Plaintiff alleges he regularly accessed TRULINCS without incident during that time.

On July 18, 2016, defendant Kettisha Manson-Walker, a case manager at Otisville, restricted plaintiff from using TRULINCS. The written notice provided to plaintiff as part of the restriction indicated his access was revoked because plaintiff was incarcerated, in part, for making electronic threats. However, plaintiff alleges Ms. Manson-Walker was retaliating against him for seeking copies of various documents from his BOP file.

Plaintiff alleges the decision to remove his TRULINCS access was arbitrary and capricious in violation of the APA.

## DISCUSSION

I. <u>Legal Standard</u>

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." <u>Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Nike, Inc. v. Already, LLC</u>, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). The

---

[3] As used herein, "Compl. at __" refers to the Court's electronic case filing system page number stamped at the top of each page of the complaint. (Doc. #1).

party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When, as here, the case is at the pleading stage, in deciding a motion to dismiss under Rule 12(b)(1), the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).[4]

Because plaintiff is proceeding pro se, the Court must construe his submissions liberally and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). Nor may the Court "invent factual allegations [plaintiff] has not pled." Id.

II. APA Claim

Defendants argue plaintiff cannot bring a claim under the APA because he has an alternative legal remedy.

The Court agrees.

Section 706 of the APA permits a court to reverse an agency action that is arbitrary, capricious, or an abuse of discretion. See 5 U.S.C. § 706(2)(A). Pursuant to the APA, a court may only review an agency action "for which there is no other adequate remedy in a court." 5

---

[4] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

U.S.C. § 704.  A court "may not even entertain the claim against the agency . . . if the plaintiff[] ha[s] an adequate alternative legal remedy against someone else."  N.Y.C. Emps.' Ret. Sys. v. S.E.C., 45 F.3d 7, 14 (2d Cir. 1995).

Here, plaintiff's APA claim regarding his TRULINCS access could be remedied by a habeas corpus petition.  The Second Circuit "has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions."  Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008) (alterations original) (internal quotation marks omitted).  Deprivation of TRULINCS access is a prison condition.  See Dunlea v. Fed. Bureau of Prisons, 2010 WL 1727838, at *1 (D. Conn. Apr. 26, 2010), abrogated on other grounds, Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135 (2d Cir. 2010).

Accordingly, because plaintiff could adequately remedy his conditions of confinement claim in a habeas corpus petition, the Court does not have jurisdiction to decide his APA claim.

III.    Leave to Amend

The Court should freely grant leave to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a).  Moreover, when a pro se plaintiff fails to state a cause of action, the Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Here, however, because the Court lacks the power to adjudicate the APA claim, leave to amend would be futile.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #18) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

Dated: June 19, 2018
       White Plains, NY

                          SO ORDERED:

                          Vincent L. Briccetti
                          United States District Judge